No. 7.—JOHN SMITH, adm'r, &c. plaintiff in error, vs. MASON GENTRY, defendant in error.

[1.] A Court of Equity will not permit an administrator, who, in 1846, takes out letters on the estate of an intestate who died in 1823 or 1824, without heirs, distributees or creditors, to recover a tract of land from one who purchased the same, and has been, for many years, in peaceable possession thereof.

In Equity, in Fayette Superior Court. Demurrer. Decided by Judge WARNER, March Term, 1854.

Everett Noland drew lot of land No. 48, in the 13th district of originally Henry, now Fayette county. Noland died in 1823 or '24, without heirs, distributees or creditors. Mason Gentry purchased said lot of land, in 1836, from Samuel Smith, taking his bond for titles and paying a part of the purchase-money—Smith being in possession at the time and claiming the land as his own. Gentry went immediately into possession, and has continued so ever since. In 1849, John Smith took out letters of administration on the estate of Noland, in the county of Columbia, and commenced an action of ejectment against Gentry, for said land, returnable to the March Term, 1850, of Fayette Superior Court; and which cause is now pending on the appeal. Gentry filed his bill, alleging the foregoing facts, and prayed the Court that John Smith, administrator of Noland, be perpetually enjoined from prosecuting the said action of ejectment.

To this bill, the defendant filed a general demurrer, which, after argument had thereon, the Court over-ruled and ordered the defendant to answer. To which decision of the Court, Counsel for defendant excepted.

STONE, for plaintiff.

EZZARD, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The complainant in this case, is in the possession of the land specified in the bill, under a claim of right, in good faith asserted, and has been so for many years. His possession, under such circumstances, must prevail until some one shows a better title to the land. Can such title be shown by the defendant, who has administered on the estate of Samuel Smith, (admitting title to be in this estate,) *for the purpose of recovering the land from the complainant, when there are neither heirs, distributees nor creditors of said estate?*

The bill alleges these facts to be true, and the demurrer admits them, of course. If they are true, there would seem to be no equity in permitting such a claim to prevail over the rightful possession of the complainant. What good can come of it? What purposes of justice be subserved by it?

But there is another question, the answer to which is, perhaps, more decisive. If there be neither heirs nor creditors, what title to the property has an administrator?

An administrator "is a person lawfully appointed to manage and settle the estate of a deceased person, who has left no executor". But if there be no settlement to be made, as there can be none, where there are neither heirs nor creditors, in what way can an estate be settled and managed, and how can there be an administrator of it?

If there be neither heirs, distributees nor creditors of an estate, we know that the same escheats, and then the escheator, is the person entitled to take the property into possession. Hence, if a person die without heirs or creditors, there is no need that a trustee, in the character of an administrator, should be appointed for the purpose of taking his estate into possession, inasmuch as the law has already appointed a trustee for that purpose, viz: the escheator. The title to the property, for all purposes of its disposition, in such case, is in that officer, and no other ought, in justice, to recover the same.

It may be said that the Court of Ordinary, a Court of com-

petent jurisdiction in the premises, has already pronounced upon this subject, by granting letters to the complainant, and its judgment cannot be collaterally impeached.    This would be true in a Court of Law; and such is the effect of what this Court says, in the case of *Bryan vs. Walton*, (14 *Ga. R.* 196.) But it does not follow that a Court, whose high province it is to correct that wherein the Law, by reason of its universality, is deficient; may not interpose to frustrate a proceeding so contrary to Equity, when a case is presented for its consideration like that before us, where. a recovery, by the administrator, can in no wise advance justice, or subserve any other purpose than that of putting fees into his pocket.

Whether the complainant be entitled to hold possession of this land or not, as against the escheator, we think a Court of Equity should not permit his possession to be disturbed by one who has no just or equitable right to deprive him of that possession.

Let the judgment be reversed.